**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**GERALD MORRISON,**

    **Plaintiff,**

v.                                                             Case No. 8:11-cv-1147-T-17TBM

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on referral by the Honorable Elizabeth A. Kovachevich for a Report and Recommendation on the **Defendant's [Amended] Motion to Dismiss Plaintiff's Complaint** (Doc. 18).[1] By his motion, the Commissioner seeks an Order dismissing Plaintiff's Complaint for lack of jurisdiction and/or failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Plaintiff, who is proceeding *pro se*, has filed a response in opposition. (Doc. 20). For the reasons set forth herein, the Commissioner's motion should be granted.

I.

A procedural overview of the case proves useful. Plaintiff first was awarded SSI payments beginning November 1979. In March 1989, the Social Security Administration ("SSA") suspended Plaintiff's SSI payments because Plaintiff failed to comply with the

---

[1]Also pending is **Defendant's Motion to Dismiss Plaintiff's Complaint** (Doc. 17).

SSA's request for information during a review to determine if he still met the non-medical eligibility requirements for SSI and was receiving the correct monthly payment amount. The SSA does not have a record of Plaintiff seeking reconsideration of the suspension determination and Plaintiff has not alleged that he did. Following the twelve consecutive months of benefit suspension, the SSA terminated Plaintiff's SSI payments in March 1990.

    Plaintiff filed a second application for SSI payments in May 2001. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing before an ALJ. An ALJ issued a fully favorable decision on November 28, 2003, and Plaintiff was awarded SSI payments beginning June 2001. In July 2004, the SSA was notified that Plaintiff was incarcerated as of April 21, 2004. In August 2004, the SSA informed Plaintiff that it was suspending his benefits beginning September 2004 because he had been in a facility run by a federal, state, or local government and should not have received benefits between May and August 2004.[2] The SSA also informed Plaintiff to contact the SSA before May 2005 if he thought he became eligible again or he may have to file a new SSI application. The SSA further informed Plaintiff that he had sixty (60) days from receipt of its notice to appeal its determination, and that if he wanted to appeal, he should complete form SSA-561, entitled "Request for Reconsideration." The SSA does not have a record of Plaintiff seeking reconsideration of this suspension determination and Plaintiff does not allege

---

[2]In September 2004, the SSA also mailed Plaintiff a Notice of Overpayment, informing him the SSA had overpaid him $2,256.00 in SSI benefits from May 2004 through August 2004. It explained it should not have paid Plaintiff SSI for those months because he was living in a public institution. Plaintiff was advised that he had sixty (60) days from receipt of the notice to appeal its decision. The SSA does not have a record of Plaintiff appealing its overpayment determination.

that he did. Plaintiff's eligibility for benefits was terminated in May 2005 following twelve consecutive months of benefit suspension.

Plaintiff filed a third application for SSI payments in May 2006. The application was denied initially and on reconsideration, and Plaintiff requested a hearing before an ALJ. On December 23, 2008, an ALJ issued a fully favorable decision, finding Plaintiff disabled as of May 12, 2006, the date of his application. In his decision, the ALJ noted that Plaintiff had received SSI payments previously but the payments were suspended during two prior periods and subsequently terminated. The ALJ also noted that the SSA could not resume paying Plaintiff SSI payments until he met all eligibility requirements and Plaintiff was not eligible for reinstatement of SSI for any prior period. In a notice attached to his decision, the ALJ informed Plaintiff he had sixty (60) days from receipt of the notice to appeal the decision to the Appeal Council, and the Appeals Council would presume he received the notice five (5) days after the date on the notice.

On April 9, 2010, Plaintiff requested that the Appeals Council review the ALJ's December 23, 2008, decision.[3] According to Plaintiff, the SSA should not have suspended his SSI benefits in 1989 and 2004. The Appeals Council sent notice of its actions by mail to Plaintiff on March 15, 2011. The Appeals Council dismissed Plaintiff's request for review of the ALJ's decision as untimely, explaining that the request was not filed within sixty (60) days from the date he received notice of the ALJ's decision as required by 20 C.F.R. § 416.1468(b). The Appeals Council also stated that although Plaintiff alleged sending his

---

[3]The certificate of service indicated Plaintiff mailed his request for review on January 11, 2010.

3

request for review on January 11, 2010, a letter submitted on that date would still constitute a late filing.

On May 23, 2011, Plaintiff filed a "General Affidavit" and "Statement of Facts," which the court construes as a Complaint. *See* (Doc. 1). Therein, Plaintiff appears to seek judicial review of the SSA's determinations suspending and terminating his SSI benefits in 1989 and 2004. According to Plaintiff, although he was incarcerated during those periods, the determinations were made "without reasonable justification," and he was subsequently acquitted of the charges that lead to his 2004 incarceration. In addition to monetary damages, Plaintiff also seeks a declaration that the Commissioner committed due process, equal protection, and ex post facto violations.

II.

A.

A motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, is a motion challenging the subject matter jurisdiction of the court. Jurisdiction may be attacked facially or factually. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n. 5 (11th Cir. 2003)). In a facial challenge, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). On the other hand, factual attacks challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* Here, the Commissioner raises a factual attack. Plaintiff bears the burden of

establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

A motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is a motion attacking the legal sufficiency of a complaint. In deciding such a motion, the court must accept the facts pleaded as true and construe them in a light most favorable to the plaintiff. *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which it bases its claim. Instead, Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1268 (11th Cir. 2009). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* A complaint does not need to contain detailed factual allegations to survive a Rule 12(b)(6) motion, however, "[a] pleading that offers labels and conclusions or a formulaic recitation of

the elements of a cause of action will not do."[4] *Id.* (quotation marks and citations omitted). In evaluating the sufficiency of a plaintiff's pleadings, the court must make reasonable inferences in the plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

B.

A district court's jurisdiction to review adverse administrative decisions by the Commissioner is limited by 42 U.S.C. § 405(g), which provides:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *see Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003). Although the Act does not define "final decision," the Commissioner has exercised his administrative authority to give meaning to the term through regulations, as authorized by the Act. *See* 42 U.S.C. § 405(a) ("The Commissioner of Social Security shall have full power

---

[4]When reviewing a motion to dismiss, the court may consider documents attached to the complaint or directly referred to in the complaint, and in so doing will not convert the motion to one for summary judgment. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) (quoting Fed. R. Civ. P. 10(c) and citing *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985)).

6

and authority to make rules and regulations . . . which are necessary or appropriate."). Under the regulations, a decision becomes "final" for § 405(g) purposes when the plaintiff has exhausted his remedies by completing the four-step administrative review process. For SSI claims, this process is set forth in 20 C.F.R. § 416.400, which calls for an initial determination, a decision on reconsideration, a hearing before an ALJ, and review by the Appeals Council.[5] A claimant's failure to exhaust all administrative remedies before filing an appeal deprives the court of subject matter jurisdiction. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). However, the exhaustion requirement can be excused when the claimant presents a colorable constitutional challenge. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977); *Holland v. Heckler*, 764 F.2d 1560, 1562 (11th Cir. 1985); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001).

C.

The statutory deadline for filing a civil action after the final denial of a claim for disability insurance benefits is set forth in 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

---

[5]Not all administrative actions are subject to administrative and judicial review. Administrative actions that are "initial determinations" subject to administrative and judicial review are prescribed by the regulations as are those that are not. *See* 20 C.F.R. §§ 416.1402 and 416.1403. Initial determinations include the suspension and/or termination of SSI benefits. *Id.* at § 416.1402(b).

42 U.S.C. § 405(g). The 60-day time period begins to run when a claimant receives the notice of the decision, which is presumed to be 5 days after the date of such decision, unless there is a reasonable showing to the contrary. 20 C.F.R. §§ 404.901, 422.210(c). The Commissioner has interpreted this provision to mean that a complaint is timely filed if it is filed within 65 days of the date on the Appeals Council's notice. 20 C.F.R. §§ 404.901, 404.981, 422.210(c).

The sixty-day filing period prescribed by § 405(g) is in the nature of a statute of limitations and is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478-480 (1986). To demonstrate that equitable tolling is warranted, a plaintiff must justify his untimely filing by demonstrating extraordinary circumstances. *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). Extraordinary circumstances may be shown "where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovery the wrong perpetrated against [him] . . ." *Id.* (quoting *Waller v. Comm'r of Soc. Sec.*, 168 Fed. Appx. 919, 922 (11th Cir. 2006) (unpublished opinion)). Extraordinary circumstances also may be shown by demonstrating fraud, misinformation, or deliberate concealment. *Id.* at 1355. The plaintiff bears the burden of establishing that equitable tolling of the statute of limitations is justified. *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002) (habeas context); *Carter v. West Publ'g Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000) (Title VII context). Because conditions on the waiver of sovereign immunity by the United States must be strictly construed, equitable tolling of a statute of limitations typically is used only in rare cases. *City of New York*, 476 U.S. at 480-81.

III.

A.

The Commissioner argues that the court should dismiss Plaintiff's Complaint because Plaintiff failed to show that the court has subject matter jurisdiction. Specifically, the Commissioner contends that Plaintiff failed to exhaust his administrative remedies regarding either SSA determination to suspend his SSI benefits and thus there is no judicially reviewable final decision. In support thereof, the Commissioner cites to the declaration of Elvira J. Rodriguez, an analyst with the SSI program who attests to the SSA's records in this case. Therein, Ms. Rodriguez attests that the SSA has no record of Plaintiff requesting reconsideration of the SSA's initial determinations (in 1989 and 2004) to suspend Plaintiff's SSI benefits. To the extent that Plaintiff challenges the 1989 and 2004 suspensions of SSI benefits in conjunction with his May 2006 application, the Commissioner urges that Plaintiff failed to timely appeal that decision. The Commissioner urges further that Plaintiff has failed to proffer allegations that are not wholly collateral to his claim for benefits such that his failure to exhaust should be excused. (Doc. 18).

Plaintiff's response, which was filed after an Order to Show Cause was entered, is for the most part nonsensical. Therein, Plaintiff summarily contends that his rights to due process, equal protection, and/or "ex post facto guarantees" were violated without reasonable justification. He also quotes various passages from case law and certain Florida Rules. (Doc. 20).

Although Plaintiff clearly feels wronged by the suspension of his SSI benefits in 1989 and 2004, he is not entitled to relief. As urged by the Commissioner, Plaintiff failed to

exhaust his administrative remedies with respect to those determinations and Plaintiff does not contend that he did.[6] Absent from Plaintiff's response (and Complaint) are any assertions that he exhausted his administrative remedies in connection with either suspension determination. Although Plaintiff alleges certain constitutional violations, possibly in an attempt to excuse his failure to exhaust, Plaintiff's allegations simply do not establish any violations of due process, equal protection, or ex post factor guarantees. To the extent Plaintiff challenges the SSI suspensions in conjunction with this 2006 application, the ALJ did not reopen those determinations because he did not consider the merits of the same and Plaintiff fails to raise any colorable constitutional issues.[7] Thus, because a refusal to reopen is not a final decision subject to judicial review, the court is likewise without jurisdiction to review the ALJ's recent decision as it relates to comments and/or statements pertaining to Plaintiff's prior suspensions of SSI benefits. *See Califano*, 430 U.S. at 107-08 (courts generally have no jurisdiction to review the Commissioner's refusal to reopen a prior adverse administrative decision because that decision is not a "final decision" within the meaning 42

---

[6]Since Plaintiff did not seek further administrative review of the suspension determinations, the determinations were final. "Administrative *res judicata* applies when the agency has made a 'previous determination or decision ... about [a claimant's] rights on the same facts and on the same issue or issues, and [that] previous determination or decision [had] become final by either administrative or judicial action.'" *Luckey v. Astrue*, No. 08-16267, 2009 WL 1362988, *4 (11th Cir. May 18, 2009) (quoting 20 C.F.R. § 404.957(c)(1)); *see also Cash*, 327 F.3d at 1255.

[7]A final decision is deemed reopened if the ALJ does not apply res judicata and bases an ultimate determination on a review of the record in the prior application. *See Wolfe v. Chater*, 86 F.3d 1072, 1079 (11th Cir. 1996) (citing *Cherry v. Heckler*, 760 F.2d 1186, 1189 (11th Cir. 1985)). "Generally, a final decision by the [Comissioner] will be deemed reopened if it is 'reconsidered on the merits to any extent and at any administrative level.'" *Id.* at 1078.

U.S.C. 405(g)); *Sherrod v. Chater*, 74 F.3d 243, 245 (11th Cir. 1996) (same). Finally, I agree with the Commissioner that Plaintiff's alleged subsequent acquittal of the charges in 2004 does not alter the result here.

B.

The Commissioner also urges that Plaintiff's Complaint should be dismissed for failure to state a claim because the Appeals Council's dismissal of Plaintiff's request for review as untimely did not pertain to suspension of Plaintiff's SSI benefits in 1989 and 2004. Rather, the Appeals Council's dismissal pertained to Plaintiff's request for review of the ALJ's fully favorable 2008 decision. In any event, the Commissioner urges that even if the Appeals Council's dismissal could be construed as a final decision on the SSA's prior suspension determination, Plaintiff failed to file his Complaint within 60 days after his presumptive receipt of notice of the Appeals Council's dismissal. (Doc. 18). Plaintiff does not address these arguments in his response.

Assuming the latter facts as urged by Commissioner, I agree that Plaintiff failed to file his Complaint within the 60-day limit. Here, the Appeals Council's dismissal occurred on March 15, 2011. Sixty-five days from that date, which includes the 60-day appeal period plus 5 days for mailing, was May 10, 2011.[8] Plaintiff filed his Complaint on May 23, 2011. Plaintiff's Complaint, therefore, was untimely, and he proffers no extraordinary circumstances demonstrating that the 60-day limitations period should be tolled. While the Appeals Council's dismissal incorrectly indicated that it was final and not subject to further

---

[8]The Commissioner's calculation of this period was May 19, 2011.

11

review, the Commissioner is correct that Plaintiff has not shown that the late filing of his Complaint was the result of Appeals Council's misstatement. Indeed, Plaintiff fails to address the matter at all. Given that Plaintiff must establish the court's jurisdiction and he fails to demonstrate such, Plaintiff's Complaint is also subject to dismissal on this ground.

IV.

Accordingly, for the foregoing reasons, it is **RECOMMENDED** that the **Defendant's [Amended] Motion to Dismiss Plaintiff's Complaint** (Doc. 18) be **GRANTED** and that the construed Complaint (Doc. 1) be **DISMISSED** with prejudice. It is **RECOMMENDED** further that **Defendant's Motion to Dismiss Plaintiff's Complaint** (Doc. 17) be **DENIED** as moot.

                                              Respectfully submitted on this
                                              9th day of June 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
United States District Judge
Counsel of Record
Pro se Plaintiff